IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIÁN J. LÓPEZ-ROSADO<br><br>**Plaintiff,**<br><br>v.<br><br>CARLOS M. MOLINA-RODRÍGUEZ,<br>      et al.,<br><br>**Defendants.** | **CIVIL NO.** 11-2198 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Before the Court stands Carlos M. Molina-Rodríguez ("Molina-Rodríguez") and the Puerto Rico Department of Corrections and Rehabilitation's ("DOCR") (collectively, "Defendants"), Motion to Dismiss Julián J. López-Rosado's ("Plaintiff") complaint pursuant to 42 U.S.C. §§ 1983, 1988. Plaintiff claims violations to the First Amendment, U.S. Const. amend. I, and to the Fourteenth Amendment, U.S. Const. amend. XIV, § 1. Plaintiff posits that he was subject to political discrimination given that he was removed from his assignment position without any explanation. Additionally, Plaintiff asks the Court to exercise supplemental jurisdiction over claims under Article II of the Commonwealth of Puerto Rico's ("Commonwealth") Constitution, P.R. Const. art. II. ("Article II") and Puerto Rico's Law No. 100, P.R. Laws Ann. tit. 29 § 146

(2009) ("Law 100"). For the reasons outlined below, Defendants' motion to dismiss is hereby **GRANTED**.

## BACKGROUND

Plaintiff started working with the DOCR in 1996. In October, 2010, he became aware of the opening of a *destaque*[1] ("assignment") position at the Pre-Trial Services Office at the Mayaguez Courthouse. The opening was for a Risk Conditions Evaluator ("RCE") assignment position that had a six-month probation period. On December, 2010, Plaintiff was interviewed for the position by Armando Villegas who is the Sub-Executive Director of the Pre-Trial Services Office. Plaintiff started the new position on December 6, 2010. However, on December 17, 2011, Plaintiff received a letter from Molina-Rodríguez dated December 15, 2010, in which he informs Plaintiff that he was leaving without effect his appointment as a RCE. The letter also advises Plaintiff to report to his previous position as a correctional officer at the West Detention Center in Mayaguez. Plaintiff was not afforded a hearing or any sort of opportunity to appeal. Plaintiff claims that the only reason for the elimination of his appointment was based on his allegedly known affiliation to the Popular Democratic Party ("PDP"). Plaintiff is actually

---

[1] The Court notes that it has translated "destaque" as assignment and that the translated copy of the Puerto Rico Attorney General, to be discussed below, translates "destaque" as tour of duty. For the purposes of this opinion the Court understands that assignment and tour of duty are synonymous translations of "destaque".

occupying a career position as a correctional officer in the DOCR.

## STANDARD OF LAW

Defendants argue that the complaint fails to state a claim under 42 U.S.C. § 1983. Thus, the Court will evaluate Defendants' Motion to Dismiss, and Plaintiff's arguments in opposition, under Fed. R. Civ. P. 12(b)(6).

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of

those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id. In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. See Ocasio-Hernández, 640 F.3d at 12.

**DISCUSSION**

**A. Eleventh Amendment**

It is well established that the Eleventh Amendment[2], U.S. Const. amend. XI, bars suits against states brought in federal courts by its own citizens as well as by citizens of another State. See New Hampshire v. Ramsey, 366 F.3d 1, 15-6 (1st Cir. 2004). "This immunity does not solely protect the State. Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or alter egos of the State, which includes the officers acting on behalf of the state." Sánchez-Ramos v. Puerto Rico Police Dept., 392 F. Supp. 2d 167, 177 (D.P.R. 2005) (citing Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F.2d 1034, 1036 (1st Cir. 1987)). "This jurisdictional bar applies

---

[2] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

regardless of the nature of the relief sought." Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). "The [E]leventh [A]mendment, despite the absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991). The Defendants in this case are DOCR and its agents in their official character. Defendants' allegation that the DOCR is an instrumentality of the Commonwealth has not been challenged by Plaintiff. The Commonwealth can waive its immunity in three different ways: (1) by a clear declaration that it intends to submit to the jurisdiction of a federal court, (2) by consent or participation in a federal program for which a waiver of immunity is an express condition, or (3) by affirmative conduct in litigation. See New Hampshire, 366 F.3d at 15 (citations omitted). "Although the Commonwealth has consented to be sued for damages in actions brought under the Commonwealth general negligence statute, such consent does not extend to actions filed in any courts but the Commonwealth's own." Díaz-Fonseca, 451 F.3d at 33. Here, there is no showing that the Commonwealth has surrendered its immunity in this case, therefore, the claims against the Commonwealth and its agents in their official character are dismissed.

**B. Fourteenth Amendment**

Plaintiff argues that Defendants violated his right to due process under the Fourteenth Amendment[3] when he was deprived from his RCE assignment position. In order to properly consider this cause of action the Court must decide if a property interest exists with respect to this position. "The Constitution does not create property interests; they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." González-De-Blasini v. Family Dept., 377 F.3d 81, 86 (1st Cir. 2004) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). Thus, this Court will look to state law in order to determine if a property interest can be attached to this position. The First Circuit has stated that career employees enjoy a property interest in their continued employment under Puerto Rico law. See González-De-Blasini 377 F.3d at 86 (citing Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 6 (1st Cir. 2000)). The Puerto Rico Supreme Court ("PRSC") has not dealt with the question of property

---

[3] Section one of the Fourteenth Amendment reads: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

interest regarding appointment positions; however, it has defined the property interest regarding transitory[4] positions holding that "a transitory employee is not entitled to a permanent status nor does he have a legitimate job retention expectancy once his appointment expires." Depto. Recs. Naturales v. Correa, 18 P.R. Offic. Trans. 795, 804 (1987) (citing Cheveras Pacheco v. Rivera-González, 809 F.2d 125 (1st Cir. 1987)). This necessarily means that a property interest exists while the appointment is alive, but when that appointment expires there is no retention expectancy regarding that position. Depto. Recs. Naturales, 18 P.R. Offic. Trans. at 804. Accordingly, a property interest does not exist regarding that position once the appointment expires. The PRSC also determined that "the agency is not obliged to show just cause for not renewing the appointment." Depto. Recs. Naturales, 18 P.R. Offic. Trans. at 807.

Puerto Rico's Law No. 184 was created specifically to reform the Public Service Human Resources Administration. See P.R. Laws. Ann. tit. 3 § 1461 (2009) ("Law 184"). The exposition

---

[4] Regarding the nature of a transitory position the PRSC has held the following: "The essence of a transitory appointment is that it is for a fixed term. This type of position seeks to provide government agencies and departments with the flexibility necessary to address immediate, though temporary, personnel demands arising from unforeseen situations or emergencies that cannot be met with the regular personnel." Depto. Recs. Naturales v. Correa, 18 P.R. Offic. Trans. 795, 801 (1987).

of motives of Law 184 states that one of its main objectives is to procure a balance between individual rights and the efficient delivery of public service. See Id. Law 184 is essential to this case given that it clearly outlines the temporary nature of an assignment position. In its section 6.4 Law 184 expressly limits government agencies to make assignment position appointments to "reasonable terms" not greater than twelve months. P.R. Laws. Ann. tit. 3 § 1462c (4)(a). In 2005, the Puerto Rico Attorney General ("PRAG") issued an advisory opinion in which among other things, he confirmed that an assignment position is clearly temporal.[5] The PRAG defined this position as a maneuver to temporarily deal with unforeseen situations or emergencies that usually occur in government agencies. See Id. This type of appointment permits quick movement of personnel between positions, while at the same time allowing employees to retain acquired rights in their former positions. See Id. Clearly, an appointment to an assignment position is temporary. This Court must now determine whether a property interest exists with regards to an assignment position.

Even though the PRSC in Depto. Recs. Naturales was dealing exclusively with the lack of a permanent property interest in a transitory position, the same lack of permanency can be applied

---

[5] See Attached Translation of PRAG's Advisory Opinion, Lcdo. Ariel Acosta Jusino, P.R. Op. Sec. Just. 2005-17 (P.R. Atty. Gen. 2005); 2005 WL 5867246.

in this case to Plaintiff's assignment position because both positions are created within government agencies to temporarily resolve an unforeseen situation or emergency. While the PRSC has not determined if a property interest exists concerning an assignment position, this Court will make its best effort to predict how the PRSC would decide this issue. See Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 465 (1967). The similarities between a transitory and an assignment position regarding their purpose and the temporary duration of the appointments, allow this Court to conclude that the reasoning used by the PRSC in Depto. Recs. Naturales is sufficiently analogous. Consequently, this Court does not find that a property interest exists regarding an assignment position once the appointment to that position has expired.

The duration of the appointment to the RCE position was not stated by the parties. Thus, this Court will assume that the duration of this specific appointment was twelve-months, since this is the limit imposed by Law 184 to this position. P.R. Laws. Ann. tit. 3 § 1462c (4)(a). The fact that Molina-Rodríguez signed the termination letter merely days after Plaintiff started in the RCE position is not material to this case given that he received that termination letter after the twelve-month period had ended. Therefore, Plaintiff's appointment was left without effect after the twelve-months passed, complying with

Law 184's mandate. Id. Clearly, Plaintiff did not have retention expectancy in the RCE position because the limit of twelve-months of this position had already passed. Lastly, Plaintiff's claim of property interest only applies to his actual **career** position and not to his former **assignment** position. For the reasons stated above, Plaintiff's Fourteenth Amendment claims are dismissed.

### C. First Amendment

The dismissal of the due process claim, does not necessarily dispose of the allegations subject to First Amendment protection. See Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 98 (1st Cir. 1997). "[I]t is clearly-established […] that terminating a non-policy-making employee based on political affiliation violates the First Amendment even if a valid alternative ground exists for the termination." Costa-Urena v. Segarra, 590 F.3d 18, 29 (1st Cir. 2009) (citing Sanchez-Lopez v. Fuentes-Pujols, 375 F.3d 121, 132-33 (1st Cir. 2004)). The Court has applied the Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977) two-step burden-shifting test in political discrimination cases. See Mt. Healthy City School District 429 U.S. at 287; see also Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000).

Hence, in order to make a prima facie case of political discrimination Plaintiff must demonstrate that "(1) the

plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's affiliation; (3) a challenged employment action occurred; and (4) political affiliation was a substantial or motivating factor behind the challenged employment action." Juarbe-Vélez v. Soto-Santiago, 558 F. Supp. 2d 187, 199 (D.P.R. 2008) (citing Martínez-Vélez v. Rey-Hernández, 506 F.3d 32, 39 (1st Cir.2007); Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir.2006)). However, Plaintiff's "showing requires more than merely juxtaposing a protected characteristic-someone else's politics-with the fact that plaintiff was treated unfairly." Padilla-García, 212 F.3d at 74. Moreover, "[plaintiff] cannot win if [defendant] shows that it would have taken the same action anyway, say, as part of a bona fide reorganization." Soto-Padró v. Public Buildings Authority, et al., 675 F.3d 1, 6 (1st Cir. 2012) (citation omitted).

In this instance Plaintiff fails to state a prima facie case of political discrimination. Plaintiff states that he belongs to the Popular Democratic Party ("PDP") and that Molina-Rodriguez belongs to the opposing New Progressive Party ("NPP"). However, when it comes to the second step as to whether Defendant was aware of Plaintiff's political affiliation, Plaintiff just states that Defendant became aware of his political affiliation during his performance on the position.

The Court believes that "[s]uch allegation is conclusory and, therefore, cannot be considered." Jimenez-Gonzalez v. Alvarez-Rubio, 683 F.Supp.2d 177, 183 (D.P.R. 2010). Plaintiff cannot demonstrate otherwise that Defendant was aware of his political affiliation. It should be noted that this Court has expressly rejected the allegation that the knowledge of someone's political affiliation can be "passed" simply because it is something widely known in the workplace. Id. at 183-84. Plaintiff alleges that he was subject to jokes when he was deprived of the assignment position, however he does not allege that Molina-Rodriguez was the one proffering the insulting and humiliating jokes. Therefore, Plaintiff fails to carry his burden in this step of the analysis.

Lastly, as explained above, Law 184 governs appointments to assignment positions. This law clearly states that an appointment to an assignment position cannot last more than twelve months. P.R. Laws. Ann. tit. 3 § 1462c (4)(a). Here, Plaintiff stated in his complaint that he started his position on December 6, 2010, and that he received the letter asking him to return to his career position on December 17, 2011[6]. (Docket No. 1 at 5). This inevitably indicates that Plaintiff was occupying that position in a manner contrary to Law 184's

---

[6] The Court notes that more than twelve months had passed since Plaintiff started the RCE assignment position.

express mandate. For the reasons stated above, Plaintiff's First Amendment claims must be dismissed given that his appointment to the RCE assignment position had already expired when he received the termination letter.

**D. Supplemental Jurisdiction**

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." <u>Rodríguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Martínez v. Colón</u>, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed"). A ruling on Plaintiff's claims under Article II and Law 100 are unnecessary in order to reach the holding disposing of the federal claims in this case. As a result, the Court will dismiss Plaintiff's claims under Article II and Law 100 without prejudice.

**CONCLUSION**

In view of the foregoing, Defendants' motion to dismiss, (Docket No. 7), is hereby **GRANTED**. Plaintiff's First Amendment and Fourteenth Amendment claims are **DISMISSED WITH PREJUDICE**.

Since no federal claims remain, the Court declines to exercise Supplemental Jurisdiction over Plaintiff's state law claims under Article II and Law 100. Therefore, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of September, 2012.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge